IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,340




EX PARTE CHARLES JOHN SINEGAR, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 92880 IN THE 252ND JUDICIAL DISTRICT COURT
FROM JEFFERSON COUNTY




           Per curiam.


O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant originally pleaded no contest to
aggravated kidnapping, and received ten years’ deferred adjudication community supervision. His
guilt was later adjudicated, and he was sentenced to seventy-five years’ imprisonment. 
            Applicant contends, inter alia, that he received ineffective assistance of counsel at the
adjudication hearing, because counsel failed to seek recusal of the trial judge. One of the allegations
in the State’s motion to proceed to adjudication was that Applicant made a verbal threat to the trial
judge. We remanded to the trial court for supplementation of the record and findings of fact. 
            While the case was in the trial court on remand, Applicant filed a motion to disqualify or
recuse the trial judge from presiding over Applicant’s habeas corpus proceeding and a motion for
a recusal hearing. The trial court declined to address Applicant’s motions on the basis that the case
was pending before this Court at that time. However, the trial court did file a response to this
Court’s remand order, including findings of fact addressing Applicant’s habeas claims. 
            We order that this application be filed and set for submission to determine whether the
motions filed by Applicant requesting recusal or disqualification of the trial judge from the habeas
proceedings complied with the requirements of Rule 18a of the Texas Rules of Civil Procedure, and
if so, whether the trial court must address the motions as dictated by Rule 18a before this Court
decides the other issues raised in Applicant’s writ of habeas corpus. The parties shall brief the issue.
            Further, the trial court shall determine whether Applicant is indigent. If Applicant is indigent
and desires to be represented by counsel, the trial court shall appoint an attorney to represent
Applicant. Tex. Code Crim. Proc. art 26.04. The trial court shall send to this Court, within 30 days
of the date of this order, a supplemental transcript containing either the order appointing counsel or
a statement that Applicant is not indigent. All briefs shall be filed with this Court on or before June
4, 2010.
 
Filed: May 5, 2010
Do not publish